Herman BERNARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8706–CR–595.

Supreme Court of Indiana.

June 21, 1989.

**24**

Reginal B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was tried by a jury which returned verdicts of guilty of one count of theft and guilty of one count of resisting law enforcement. The jury was then reconvened and a trial upon a habitual offender allegation was held. The jury found appellant to be a habitual offender. Judgment was entered and appellant received the presumptive sentence of two years for theft, which sentence was enhanced by thirty years for habitual offender status. He also received a concurrent sentence of one year for the misdemeanor of resisting law enforcement.

This appeal from the judgment is based upon three alleged claims of error:

(1) Error in denying a mistrial motion claiming misconduct of the trial prosecutor during final summation.
(2) Insufficiency of evidence of guilt.
(3) Insufficiency of evidence of habitual offender status.

### (1)

At the conclusion of the State's final summation, defense counsel asked for a mistrial because of statements made by the trial prosecutor which the defense construed as improper comment upon the fact that appellant did not testify. During voir dire, defense counsel had sought to educate prospective jurors on the right of the defendant to remain silent and not testify, and to prepare them to resist any urge to infer guilt from a failure to testify. In so doing, counsel employed a common family

situation. The trial prosecutor hearkened back to this situation in final summation, saying:

> Mr. Wellnitz said something very interesting in voir dire when he was talking to some of you as prospective jurors. He talked about, I think, a vase. You have two daughters and a vase is broken and one daughter says "she is the one" and the other one remains silent. Well, perhaps as a parent-child, the child doesn't have the right to remain silent but here in criminal court, with your rights as an American, you do have the right to remain silent, and that cannot be held against the Defendant. You will be instructed as to that, and that is the law. However, you have to look to the evidence, and in that particular case, if you just consider the instruction I read, as a parent, (unintelligible), you, determine who to believe and who not to believe, after all the evidence is in. The evidence presented, in that scenario as presented by Mr. Wellnitz is the evidence is, he is the one, or she is the one. The law in the State of Indiana is that a single eyewitness alone is sufficient to convict. As a juror you can find your daughter guilty, based upon that testimony from the other child. You don't even need an eyewitness, which we don't have in this case. The Court will instruct you as to circumstantial evidence, but the point is, you can find your daughter guilty because she is the one—because of the evidence that you have before you. Let's look at the evidence.

 The defendant in a criminal case is competent to testify in his own behalf. However, if he chooses not to do so, his failure to do so shall not be commented upon or referred to in the argument of the cause. The prohibition against such comment stems from the privilege against compelled self-incrimination guaranteed by both the state and federal constitutions. *Williams v. State* (1982), Ind., 426 N.E.2d 662; *Keifer v. State* (1932), 204 Ind. 454, 184 N.E. 557. The rationale for such prohibition is that if courts were to sanction such comment, they would be exacting a price for exercising a constitutional privilege, thus cutting down on the privilege itself. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). It is recognized, however, that the harmful impact upon the defense of such improper comments can be great or small. Thus, this Court has held that it is not error to refuse to declare a mistrial after improper comment if an admonishment to the jury to disregard such improper comment would have restored the protection of the privilege. *Williams*, Ind., 426 N.E.2d 662. Here, the privilege was a matter openly considered during voir dire, and thus the jurors were acquainted with it. An admonition would not have injected it as a new subject into the trial for the jury to consider for the first time. The comments actually made by the prosecutor at the trial below were subject to interpretation as comments on the failure to testify and were therefore condemnable; however, they were prolix and only marginally improper because vague and disjointed. Consequently, under these circumstances, an admonition to the jury to ignore them would have restored the privilege. The denial of the motion for mistrial was not error.

(2)

The gravamen of the offenses was that appellant exerted unauthorized control over a stereo, intending to deprive the owner of a part of its use or value; and that, after having been arrested for such offense and being placed in a squad car, he began to kick the car windows. When the arresting officers tried to stop him and remove him from the car, he kicked one of them, knocking him to the ground.

 Appellant contends first that the elements of theft were not sufficiently proved. In resolving this claim, we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reason-

able doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657.

At the time of this offense, the crime of theft was defined by I.C. 35–43–4–2(a) as follows:

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

The proof presented at trial tending to justify the verdict of guilty of theft showed that a resident returned home after being gone for an hour to discover a door open and a stereo missing. Appellant then appeared at the home, identified himself by name, gave his address and told the resident that he had seen someone carry something out her side door. That same night appellant was seen at a neighborhood bar a short distance from the break-in. A cab driver testified that he picked up a fare at that same bar that night. The fare put a stereo in the trunk of the cab. The fare volunteered to the cab driver at one point: "Hey, I didn't steal it." The cab driver took the fare to the address given by appellant to the victim as his own. The police arrived at that address that night and found appellant there with the stolen stereo. This evidence sufficiently established all elements required to support the conviction for theft. From it the jury could have inferred to a certainty beyond a reasonable doubt that appellant exerted control over the stereo at a point near in time and place to the point of its removal, that appellant knew the stereo was stolen and his exertion of control over it was unauthorized, and that he intended to deprive the owner of some of its value or use. *Muse v. State* (1981), Ind., 419 N.E.2d 1302. It was not necessary for the prosecution to prove that he physically took it from the home. *Gorman v. State* (1984), Ind., 460 N.E.2d 968. Moreover, the inconsistencies in the testimony of prosecution witnesses regarding the time and sequence of events on the night in question, pointed out in support of this appellate claim, created conflicts for the trier of fact to resolve and did not render the evidence of guilt incredible as a matter of law.

It is also claimed on appeal that the evidence of the offense of resisting law enforcement was insufficient. Appellant was charged pursuant to I.C. 35–44–3–3(a) which provides:

A person who knowingly or intentionally:

(1) Forcibly resists, obstructs, or interferes with a law enforcement officer ... while the officer is lawfully engaged in the execution of his duties as an officer;

\* \* \* \* \* \*

commits resisting law enforcement, a Class A misdemeanor.

Appellant was arrested outside his home by an officer in full uniform, was handcuffed and was put in the rear of a marked police car. Thereafter, the attention of the officers was drawn to the car where appellant was kicking at the car windows. They went to the car and opened the rear door opposite to appellant's position. Appellant turned around and kicked one of the uniformed officers as the officer tried to grab him to remove him from the car, knocking the officer to the ground. Appellant was finally removed from the car and an officer sat on him until a paddy wagon arrived. Appellant was loaded in the wagon and carried to the station house.

Appellant contends that his conduct in kicking occurred after he was arrested and secured and thus did not constitute this offense. He also believes there was a failure of proof that he had acted knowingly or intentionally. In this situation, appellant's conduct constituting this offense occurred on a public street, immediately outside his home on the occasion of his arrest. He was placed in the police car in order to fully effectuate his custody, to prevent him from walking away and to restrict the ability of others to observe or assist him. The officers were in a fluid on-the-street situation and in the process of completing their investigation and securing evidence. Appellant's conduct, in trying to kick out the windows and then kicking one of the officers seeking to prevent that, did resist, obstruct and interfere with a police officer

engaged in his duty to arrest and hold him, and to maintain order on the street and complete the investigation and secure evidence. In *Inman v. State* (1979), 271 Ind. 491, 393 N.E.2d 767, a motorist was stopped and informed that he was under arrest for speeding. The motorist refused to comply with an order to go to a police cruiser to receive a traffic ticket and then engaged in violent physical resistance. Such conduct was considered a violation of the resisting statute. The conduct here falls closer to the limits of the reach of the resisting statute but is nevertheless within it.

■ The inference of state of mind is likewise sufficient. Appellant was required to turn around in the back seat of the squad car in order to kick the officer. The officer was in uniform. Appellant had been placed under arrest by one of these uniformed officers. He had just finished kicking the interior of the car. A trier of fact could reasonably conclude from this proof beyond a reasonable doubt that appellant was aware of a high probability that he was kicking a law enforcement officer engaged in carrying out his official duties. The evidence of resisting law enforcement was sufficient.

### (3)

■ Appellant next claims that the evidence of prior unrelated felony convictions is deficient in that it is made up of official legal documents for the most part which have such a complicated structure as to be beyond the ability of jurors to discern. The State's certified exhibits include order book entries, judgments and commitments, and are all from Marion County. They follow a general pattern in each of the four cases alleged in the habitual offender count.

The exhibits carry the following information. Herman C. Bernard, Jr. was committed to jail for one year on June 28, 1973, for theft of a camera. Herman C. Bernard was committed to Department of Corrections for one to five years on June 11, 1976 for entering Milby's Market to commit a felony on March 5, 1975. Herman C. Bernard was committed to the Department of Corrections for two to five years on April 26, 1977, for entering Dixon Vending on March 1, 1977 with intent to commit theft, and Herman C. Bernard received a suspended three year term on August 12, 1985 for theft of an extension ladder on April 26, 1984. The prosecution introduced four certified copies of arrest reports, one each for the four offenses. Each carried a fingerprint identified by live comparison testimony as that of appellant. The trial court properly determined that all four convictions were for felonies and instructed the jury accordingly. *Seward v. State* (1983), Ind., 453 N.E.2d 256; *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60; I.C. 35–50–2–1. The conviction from which the instant appeal is being taken is for the theft of the stereo on June 20, 1986.

The documentary evidence was legible and not beyond the faculty of jurors to discern. The evidence as a whole was sufficient to warrant a rational trier of fact in concluding beyond a reasonable doubt that appellant had accumulated four prior unrelated felony convictions. The enhancement imposed by the court was clearly authorized by law. I.C. 35–50–2–8.

The convictions and sentences are affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.