**Michael MILLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 05A02–9308–CR–442.

Court of Appeals of Indiana,
Second District.

April 26, 1994.

Thomas A. Brown, Hartford City, for appellant.

Pamela Carter, Atty. Gen., and Deana McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

## STATEMENT OF THE CASE

Michael Miller was convicted of Residential Entry,[1] Battery,[2] Reckless Driving,[3] Criminal Mischief,[4] Resisting Law Enforcement,[5] and Criminal Recklessness[6] following a bench trial. He now appeals his convictions and sentences for Resisting Law Enforcement and Criminal Recklessness.

We affirm.

## ISSUES

We restate the issues for our review as:

1. Whether defects in the charging informations constitute reversible error.

2. Whether there was sufficient evidence to sustain Miller's convictions.

3. Whether the trial court erred in imposing consecutive sentences.

4. Whether the trial court failed to consider mitigating circumstances in determining Miller's sentence.

1. IC 35–43–2–1.5 (1992 Supp.).

2. IC 35–42–2–1 (1988 Ed.).

3. IC 9–21–8–52 (1988 Ed.).

4. IC 35–43–1–2 (1992 Supp.).

5. IC 35–44–3–3 (1988 Ed.).

6. IC 35–42–2–2 (1988 Ed.).

## FACTS

The facts most favorable to the judgments of conviction establish that shortly before midnight on January 4, 1993, Miller went to Bryan Hardy's trailer, forced his way in and assaulted Hardy. After a struggle, in which Miller damaged some of Hardy's personal property, Hardy escaped and called for a friend to summon the police. The city and county police were advised of the disturbance at Hardy's trailer and that Miller was involved. When the police arrived at Hardy's trailer, Miller had already left. Later, Hartford City Police Officer Dennis Nottingham observed Miller's car and signalled with his lights and siren for Miller to stop. Miller increased his speed, ran several stop signs and almost collided with Blackford County Deputy Sheriff Joseph Jenkinson. Miller arrived at his house with the police in pursuit and went into the house. The police followed Miller into his house and, after a struggle, subdued and arrested him. Additional facts are supplied where necessary.

## DISCUSSION AND DECISION

### ISSUE ONE: DEFECTS IN THE CHARGING INFORMATIONS

Miller first contends that omission of the word "forcibly" from the Resisting Law Enforcement information rendered it inadequate. The information charging Miller, in its essential parts, alleged:

"That on or about the 5th day of January, 1993, in Blackford County, State of Indiana, Michael Miller, did knowingly or intentionally resist, obstruct or interfere with a law enforcement officer or a person assisting the officer, to-wit: Dennis Nottingham, law enforcement officers were lawfully engaged in the execution of their duties as officers; and did thereby commit Resisting Law Enforcement, a Class "A" Misdemeanor.

All of which is contrary to the form of the statute in such cases made and provided, to-wit: I.C. 35–44–3–3, and against the peace and dignity of the State of Indiana."

Record at 11.

■ The statute under which Miller was convicted provides, in part, that: "A person who knowingly or intentionally: (1) *forcibly* resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer; .... commits resisting law enforcement, a Class A misdemeanor...." IC 35–44–3–3(a) (1988 Ed.) (emphasis added). The forcible nature of the resistance, obstruction or interference is an essential element of the offense which the state is required to prove at trial. *Spangler v. State* (1993), Ind., 607 N.E.2d 720, 723.

■ Both the Sixth Amendment to the United States Constitution and Article I, § 13 of the Indiana Constitution require that a defendant be informed of the nature and cause of the accusation against him. This mandate is given effect through IC 35–34–1–2(a)(4) which requires that the information be in writing "setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition...." The information should state the offense in the language of the statute or in words that convey a similar meaning. *Smith v. State* (1984), Ind., 465 N.E.2d 702, 704. Minor variances from the language of the statute do not make an information defective, so long as the defendant is not misled or an essential element of the crime is not omitted. *Id.* The information charging Miller with Resisting Law Enforcement was defective for not alleging the forcible nature of the act, an essential element of the crime; however, Miller did not challenge this defect until appeal.

■ The proper method to challenge deficiencies in a charging information is to file a motion to dismiss the information, no later than twenty days before the omnibus date. IC 35–34–1–4(b)(1) (1988 Ed.); *Zavesky v. State* (1990), Ind.App., 558 N.E.2d 1124, 1126. Failure to timely challenge the omission ordinarily would result in waiver of the issue, *Zavesky*, 558 N.E.2d at 1126, unless the omission was so prejudicial to Miller's rights that fundamental error resulted. *Marshall v. State* (1992), Ind.App., 602 N.E.2d 144, 147, *trans. denied.*

■ For omission of the word "forcibly" from the information to constitute fundamen-

tal error, it must mislead the defendant or fail to give him notice of the charges against him so that he is unable to prepare a defense to the accusation. *Myers v. State* (1987), Ind., 510 N.E.2d 1360, 1367. In this case, the information specified the date of the offense, the officer Miller resisted, and the statute which made that resistance a crime. At trial, Miller did not object to testimony by the state that his resistance was forcible; instead, he contended that he had not resisted at all. On appeal, Miller has not demonstrated that he was misled or unable to prepare a defense. Miller was aware of the events constituting the crime and was able to defend against the accusation. Therefore, although an essential element of the crime was omitted from the information, we conclude that omission did not prevent Miller from presenting a defense to the charge and was not fundamental error.

■ Miller also contends that use of the wrong date in the information charging him with Criminal Recklessness requires reversal of that conviction. That information specified that the events occurred on or about January 5, 199*2*, while at trial it was shown that the events upon which the charge was based occurred on January 4 and 5, 199*3*. The use of the date 199*2*, instead of the correct date 199*3*, is clearly the result of a typographical error: the common error of continuing to use the previous year's date for the first week or two in January. Our supreme court has held that such a typographical error cannot be the basis of reversing a criminal conviction. *See Trout v. State* (1886), 107 Ind. 578, 8 N.E. 618 (error in date in information is mere clerical error and is not available on appeal in absence of motion to quash for uncertainty). We reach the same result today.

The purpose of the information was to advise Miller of the crime with which he was charged so that he could prepare his defense. *See Myers*, 510 N.E.2d at 1366. The specific date on which the offense occurred was not an essential element of that offense. Miller's testimony at trial shows that he understood that the charge of Criminal Recklessness was based upon the events of the evening of January 4–5, 199*3*, which events also formed the basis of the other charges brought against him. By failing to object during the trial to the variance in proof, Miller waived any error in the variance between the date of the offense as charged in the information and as proved at trial. *See Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 746 (failure to object to one to two year variance between date of offense as charged in information and proved at trial waives issue). Miller has not shown that the preparation of his defense was impeded, nor has he demonstrated how he was otherwise prejudiced by the variance between the dates of the offense as charged and as proved. He has, therefore, failed to show that the variance was fundamental error and has waived the issue on appeal. *Id.*

## ISSUE TWO: SUFFICIENCY OF THE EVIDENCE

### I

### Resisting Law Enforcement

Miller contends that the State failed to prove him guilty of Resisting Law Enforcement because it failed to show a forceful act committed in resisting the police officers. We agree with Miller that the State was required to prove a forcible act to convict Miller of resisting law enforcement. *See Spangler*, 607 N.E.2d at 723. The fatal flaw in Miller's argument is his insistence that this Court recognize only those factors which support his innocence and ignore the evidence which supports his conviction.

■ The State must prove the accused guilty of each element of the crime beyond a reasonable doubt at trial. *Matthew v. State* (1972), 154 Ind.App. 182, 289 N.E.2d 336, 340. When we review the sufficiency of the evidence supporting a conviction, we may not reweigh the evidence or judge the credibility of the witnesses. *Webb v. State* (1991), Ind. App., 575 N.E.2d 1066, 1071, *trans. denied.* Where the evidence is in conflict, we are bound to consider only that evidence which is most favorable to the judgment of the trial court. *Id.* If there is substantial evidence of probative value supporting the conviction, we must affirm. *Adams v. State* (1989), Ind. App., 542 N.E.2d 1362, 1366.

■ The arresting officers testified that Miller resisted being handcuffed, that he fought being put into the police car and that during the entire episode he tried to head-butt and kick the officers. This evidence together with the officers' further testimony that Miller continued to struggle and fight until he was put into a cell is sufficient evidence of forcible resistance to support his conviction. *See Gamble v. State* (1992), Ind. App., 591 N.E.2d 142, 145 (conviction for resisting law enforcement upheld when defendant refused to let police handcuff him and struggled with police at the jail) *and Bernard v. State* (1989), Ind., 540 N.E.2d 23 (conviction for resisting law enforcement upheld when defendant kicked the interior of a police cruiser, then turned to kick a uniformed officer).

Miller also seeks reversal of his Resisting Law Enforcement conviction by contending the arresting officers improperly entered his home to arrest him. Miller implies that he was justified in resisting the police, or that evidence of his resistance was inadmissible, because he claims the police entered forcibly, without a warrant and without any indication of exigent circumstances.[7] This argument also is without merit.

■ Miller failed to object timely to the admission of the testimony at trial and, thus, has waived any error on appeal. *See Lenoir v. State* (1987), Ind., 515 N.E.2d 529. Even absent waiver, reversal of the conviction is not warranted. In general, "A warrantless in-home arrest is not valid without probable cause and exigent circumstances making it impractical to first procure an arrest warrant." *State v. Blake* (1984), Ind. App., 468 N.E.2d 548, 551. In that case, however, we went on to say:

> "[W]here there is immediate or continuous pursuit from the scene of a misdemeanor crime to the door of the defendant's home a warrantless home arrest is permitted.... Such a result is mandated by necessity and good sense. Law enforcement is not a child's game of prisoners

base, or a contest, with apprehension and conviction depending upon whether the officer or defendant is the fleetest of foot. A police officer in continuous pursuit of a perpetrator of a crime committed in the officer's presence, be it a felony or a misdemeanor, must be allowed to follow the suspect into a private place, or the suspect's home if he chooses to flee there, and effect the arrest without a warrant. A contrary rule would encourage flight to avoid apprehension and identification, even at dangerously high speeds as here, with the natural destruction of evidence accomplished while the officer interrupted his pursuit to obtain a warrant. Probable cause existed to believe [the defendant] was avoiding law enforcement, and immediate and continuous pursuit from the scene of the crime formed the exigent circumstance."

*Id.* at 553.

Applying the required standard of review, we find that the arresting officers observed Miller commit the offenses of Reckless Driving and Criminal Recklessness. They then engaged in an immediate and continuous high speed pursuit from the scene of the crimes to Miller's home where, still in pursuit, the officers entered his house and arrested him. All requirements existed to form the necessary exigent circumstances for a warrantless in-home arrest.

## II

### Criminal Recklessness

■ Miller next contends that his conviction for criminal recklessness was also not supported by sufficient evidence. In reviewing Miller's conviction, we will not reweigh the evidence or judge the credibility of the witnesses. *Webb,* 575 N.E.2d at 1071. Where, as here, the evidence is in conflict, we will consider only that evidence which is favorable to the trial court's judgment and if there is substantial evidence of probative val-

---

7. Much of the argument in Miller's Brief is by inference or implication. If Miller intended to raise any issues other than those decided here, he has waived them through his failure to argue cogently or cite supporting authority. *See* Ind.Appellate Rule 8.3(A)(7); *Hare v. State* (1984), Ind., 467 N.E.2d 7, 17.

ue supporting that conviction, we must affirm. *Adams*, 542 N.E.2d at 1366.

Criminal Recklessness is a crime proscribed by IC 35–42–2–2(b), which provides in pertinent part that: "A person who recklessly, knowingly, or intentionally performs: (1) an act that creates a substantial risk of bodily injury to another person; .... commits criminal recklessness, a Class B misdemeanor. However, the offense is a: (1) Class A misdemeanor if the conduct includes the use of a vehicle[.]" A person's conduct is reckless if "he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IC 35–41–2–2(c) (1992 Supp.).

The evidence at trial established that Miller, while fleeing in his car from Officer Nottingham, ran a stop sign and almost collided with a police car driven by Deputy Jenkinson. During the chase, Miller was driving 15 to 25 miles an hour faster than the posted speed limit, ran several stop signs, drove off of the street and into yards three times, and nearly collided with a utility pole. Miller's conduct sufficiently deviated from acceptable standards for driving a car and was with sufficient disregard for resulting harm to support his conviction for Criminal Recklessness. *See Beach v. State* (1987), Ind.App., 512 N.E.2d 440, 445 (testimony that defendant drove car on sidewalk narrowly missing pedestrian sufficient to support conviction for criminal recklessness), *trans. denied.*

### ISSUE THREE: IMPOSITION OF CONSECUTIVE SENTENCES

In sentencing Miller, the trial court found aggravating circumstances, enhanced the presumptive sentence for the Residential Entry conviction, and ordered it served consecutively to his sentence for Resisting Law Enforcement. Miller does not challenge the enhancement of his Residential Entry sentence; rather, he contends that the trial court erred when it ordered that he serve those sentences consecutively.

When faced with a challenge to the sentence imposed by the trial court, we must keep in mind that sentencing decisions rest within the sound discretion of that court, and we will reverse on appeal only upon a showing of a manifest abuse of that discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. If the sentence imposed by the trial court is within statutory limits, we will not set aside or alter the sentence unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Ferrell v. State* (1991), Ind., 565 N.E.2d 1070, 1073. Only if no reasonable person could find such a sentence appropriate to the particular offense and offender for whom it is imposed is it manifestly unreasonable. *Id.*

The trial court has wide discretion in determining whether imprisonment for multiple convictions shall be served concurrently or consecutively. *McNeely v. State* (1988), Ind.App., 529 N.E.2d 1317, 1327. After proper consideration, the trial court may enhance the basic sentences, impose consecutive sentences, or both. *Id.* When the trial court finds aggravating or mitigating circumstances, it must include within the record a statement of its reasons for selecting the sentence it imposes. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1255. That statement must identify all significant aggravating and mitigating circumstances, it must specifically state why each circumstance is considered to be aggravating or mitigating, and it must articulate the court's evaluation and balancing of the aggravating circumstances against the mitigating circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Id.*

At time of sentencing, the court had before it Miller's pre-sentence report, which included his criminal history. That report also showed that Miller was then on probation from Florida. In its sentencing order, the trial court found and explained two aggravating circumstances: Miller's prior criminal history and the Florida probation. At the hearing, the court also stated that the risk Miller posed to the community, to himself and to his family by his resisting arrest was

an aggravating circumstance which justified imposing consecutive sentences.[8]

■ Prior criminal history is an aggravating circumstance specifically recognized in IC 35–38–1–7.1(b). The statutory circumstances are not exclusive and a sentencing court is free to consider other relevant circumstances relating to the specific facts of the crime and a defendant's character. IC 35–38–1–7.1(d) (1992 Supp.); *see also Aguirre v. State* (1990), Ind., 552 N.E.2d 473, 476 (extent of victim's injuries may be considered in aggravation, although not listed in statute). A single valid aggravating circumstance is sufficient to support an enhanced sentence on appeal. *Reynolds v. State* (1991), Ind.App., 575 N.E.2d 28, 32. The same aggravating circumstance can be used to both enhance a sentence and to impose consecutive sentences. *McCoy v. State* (1991), Ind., 574 N.E.2d 304, 310.

■ Miller's prior criminal history was a sufficient aggravating circumstance to allow the trial court to enhance Miller's sentence for Residential Entry and to impose consecutive sentences. It was also the factor specifically referred to by the court in the sentencing order. We therefore do not need to consider the adequacy of the other aggravating circumstance considered by the court. The trial court did not abuse its discretion in sentencing.

### ISSUE FOUR: CONSIDERATION OF MITIGATING FACTORS

Finally, Miller argues that the trial court erred in failing to consider mitigating circumstances in determining his sentence. Miller alleges the trial court ignored the following mitigating circumstances: that Hardy induced Miller's commission of Battery, Residential Entry, and Criminal Mischief; Miller's proposal that he secure counseling for his substance abuse and temper; and the claim by Miller's grandmother that Miller's family needed him to work and provide for them. Before sentencing an offender for a felony conviction, the trial court is required to conduct a hearing to consider facts and circumstances relevant to sentencing. The court is required to make a record of that hearing and, if the court finds aggravating or mitigating circumstances, include in the record a statement of the court's reasons for imposition of the selected sentence. IC 35–38–1–3 (1992 Supp.). Failure by the trial court to find mitigating circumstances where clearly supported by the record may imply that they were overlooked and not properly considered. *Beatty v. State* (1991), Ind., 567 N.E.2d 1134, 1137.

During his trial, Miller testified that Hardy had telephoned Miller and threatened his family; this was the reason given by Miller for going to Hardy's home. The trial court did not find that the offenses were induced by Hardy and did not treat that claim as a mitigating circumstance. In both its sentencing order and a statement from the bench at the sentencing hearing, the trial court declined to treat Miller's substance abuse and anger control problems as mitigating circumstances. Miller's failure to seek counseling for his problems until he faced jail led the trial court to disbelieve the sincerity of Miller's newfound desire for treatment. Finally, although Miller's grandmother testified that his family needed him at home to work and provide for them, the evidence did not show that Miller's imprisonment would cause his family undue hardship, which is the mandated level of hardship required to constitute a mitigating circumstance. IC 35–38–1–7.1(c)(10) (1992 Supp.).

■ The trial court is not required to find mitigating circumstances or to explain why it found the circumstances argued by counsel did not exist. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1374. The trial court also is not required to consider or weigh the mitigating evidence in the same manner suggested by a defendant. *Id.*

■ We conclude that the trial court adequately stated the reasons supporting the sentence it selected for Miller. The trial court had before it evidence of both aggrava-

---

8. At the time of the arrest, Miller's children were inside his house with a neighbor and his wife was in the front yard.

ting and mitigating circumstances. The trial court's statement that the aggravating circumstances outweighed the mitigating circumstances shows that the court considered Miller's mitigating evidence and did not deem it to be significant. Consequently, the court had no obligation to identify or balance the mitigating factors claimed by Miller. *Hammons*, 493 N.E.2d at 1255.

Judgment affirmed.

FRIEDLANDER and STATON, JJ., concur.