FOR PUBLICATION

                                                                     

ATTORNEY FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

ANTHONY V. LUBER JEFFREY A. MODISETT

South Bend, Indiana Attorney General of Indiana

ANDREW L. HEDGES

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

CHESTER HIGGINS, )

)

Appellant-Defendant, )

)

vs. ) No.  71A05-9702-CR-64

)

STATE OF INDIANA, )

)

Appellee-Plaintiff. )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT

The Honorable William H. Albright, Judge

Cause No.  71D04-9601-CF00003

December 22, 1997

OPINION - FOR PUBLICATION

RUCKER, Judge

After a trial by jury Defendant-Appellant Chester Higgins was convicted of attempted  robbery, as a Class B felony.
(footnote: 1)  He now appeals raising three issues for our review which we rearrange and rephrase as follows:  (1) did the trial court err in denying Higgins' request for a mistrial; (2) did the trial court err in instructing the jury on reasonable doubt; and (3) does a charge of attempted robbery as a Class B felony require allegation and proof that the defendant intended to inflict bodily injury on the victim.

We affirm.

Higgins grabbed Leta Johnson's purse as it lay on the front seat of her car.  Johnson had just left a grocery store and was loading packages when Higgins approached her.  When Higgins grabbed the purse Johnson held on.  In the ensuing struggle Johnson sustained cuts and bruises to her right hand.  Unable to take the purse from Johnson, Higgins fled the area. He was apprehended shortly thereafter and brought back to the store parking lot where Johnson made a positive identification.  Ultimately Higgins was charged with attempted robbery as a Class B felony.  After a jury trial he was found guilty as charged.  This appeal followed.  Additional facts are set forth below where relevant.

I.

During the State's case in chief the deputy prosecutor asked a police witness what happened after Higgins was identified in the parking lot.  The witness responded, "after he was positively identified, he was read his rights, asked if he wanted to give a statement.  He said he did not."  R. at 192.  Defense counsel immediately objected to this comment and moved for a mistrial.  After a side bar conference the trial court ordered the witness' answer stricken from the record and admonished the jury to ignore it.  The motion for mistrial was denied.  Higgins complains the trial court erred in so doing.

The facts in this case are remarkably similar to those in 
McCollum v. State
, 582 N.E.2d 804 (Ind. 1991), 
reh'g denied
.  In that case the deputy prosecutor questioned a police witness concerning the contact he had with the defendant.  The officer responded that after the defendant was arrested and advised of his rights, the defendant declined to make a statement.  Defense counsel immediately objected to this comment.  The trial court sustained the objection and ordered the comment stricken from the record.  A defense motion for mistrial was denied.  Our supreme court determined there was no error in denying the motion.  In so doing the court noted the factors to be used in determining whether it is harmless error to comment on a defendant's post-arrest silence after Miranda warnings have been given.  We consider:  (1) the use to which the prosecution puts the post-arrest silence;  (2) who elected to pursue the line of questioning; (3) the quantum of other evidence indicative of guilt; (4) the intensity and frequency of the reference; and (5) the availability to the trial judge of an opportunity to grant a motion for mistrial or to give curative instructions.  
Id.
 
citing
 
Bieghler v. State
, 481 N.E.2d 78, 
cert. denied
, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986).  The record shows the prosecution did not attempt to use Higgins' statement to prove his guilt.  As in 
McCollum
 here too it was a prosecution question that elicited the comment.  However, the question did not appear to be a purposeful search for the response it elicited.  "This one comment was the sole reference to appellant's post-arrest silence."  
Id.
 at 814.  Also, when defense counsel objected to the comment, the court sustained the objection, ordered the comment stricken from the record, and admonished the jury to disregard the comment.  As for the quantum of other evidence indicative of guilt, although Higgins seems to contend that this was a case of mistaken identity, the victim positively identified Higgins as her attacker within minutes of the event. 

Higgins acknowledges 
McCollum
 but argues the case is distinguishable from the instant one because in 
McCollum
, unlike the case before us, the defendant apparently did not testify at trial and his credibility was not in question.  Higgins fails to explain how this distinction makes a difference, and we know of none.  Further, we point out that the five factors set forth in 
McCollum
 and 
Bieghler
 arise out of 
Doyle v. Ohio
, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).  There, in a prosecution for allegedly selling marijuana, the defendant took the stand in his own defense contending he was framed.  On cross examination the State attempted to discredit the defendant's version of events by asking the defendant why he had not told the "frame-up" story to the officer at the time of arrest.  
Doyle
, 426 U.S. at 613.  The United States Supreme Court held that "the use for 
impeachment purposes
 of petitioners' silence, at the time of arrest and after receiving 
Miranda
 warnings, violated the Due Process Clause of the Fourteenth Amendment."  
Doyle
, 426 U.S. at 619 (emphasis added).  Thus, it may be immediately seen that the five part criteria set forth in 
McCollum
 and 
Bieghler
 may be applied whether or not the defendant takes the stand in his own defense.  We conclude the trial court did not err in refusing to grant the defense motion for mistrial.

II.

Higgins next contends the trial court failed to instruct the jury adequately on the law relating to reasonable doubt.  According to Higgins his own instruction was more complete and the trial court should have given it instead.  The manner of instructing the jury lies largely within the sound discretion of the trial court, and we review the trial court's decision only for an abuse of that discretion.  
Edgecomb v. State
, 673 N.E.2d 1185, 1196 (Ind. 1996), 
reh'g denied
.  In this case the trial court advised the jury as follows: 

The State has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the State's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty, of the crime charged, you should find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you should give him the benefit of the doubt and find him not guilty.

R. at 54.  In a recent opinion our supreme court "authorize[d] and recommend[ed]" that the foregoing instruction be given by the trial courts of this state.  
Winegeart v. State
, 665 N.E.2d 893, 902 (Ind. 1996).  Higgins acknowledges 
Winegeart
 but contends the instruction nonetheless does not define reasonable doubt, nor does it provide guidance concerning the degree of certainty contemplated by the constitutional standard of proof beyond a reasonable doubt.  The trial court as well as this court is bound by the decisions of our supreme court. Higgins has not explained how the trial court could be deemed to have abused its discretion by following the recommendation of our supreme court.  We find no error on this issue. 

III.

Higgins next complains the one count information was not sufficient to charge him with attempted robbery as a Class B felony.  Omitting caption and formal parts the information provides: 

On or about the 27th day of November, 1995, in St. Joseph County, State of Indiana, Chester Higgins, did intend to commit the crime of robbery by grabbing and pulling on the handle and/or strap of Leta Johnson's purse during which time Leta Johnson struggled to hold onto and retain her purse breaking the strap which conduct constituted a substantial step towards robbery, that is, to knowingly take property from the presence of another person by using force on any person, and which conduct resulted in bodily injury to Leta Johnson, to wit: a cut and bruise.

All of which is contrary to the form of the statutes in such cases made and provided, to wit:  Indiana Codes 35-41-5-1 and Indiana Code 35-42-5-1, and against the peace and dignity of the State of Indiana.

R. at 9.  According to Higgins, the charging information is defective because it does not allege that he intended his conduct to result in bodily injury.  We first observe that the proper method of challenging deficiencies in a charging information is to file a motion to dismiss  no later than twenty days before the omnibus date.  Ind. Code § 35-34-1-4(b)(1); 
Miller v. State
, 634 N.E.2d 57 (Ind. Ct. App. 1994).  Failure to challenge timely an alleged defective charging information results in waiver unless fundamental error has occurred.  
Id.
  In this case the record shows that Higgins never filed a motion to dismiss, and in fact did not object to the document until the morning of trial.  Nor does Higgins assert on appeal that the alleged defective information resulted in fundamental error.  This issue has been waived.  Waiver notwithstanding Higgins still cannot prevail.  The statutes under which Higgins was convicted provide in part: 

"A person who knowingly or intentionally takes property from another person or from the presence of another person:  (1) by using or threatening the use of force on any person; . . . commits robbery, a Class C felony.  However, the offense is a Class B felony if it . . . results in bodily injury to any person other than a defendant. . . ."

IC 35-42-5-1;  

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.  An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted." 

IC 35-41-5-1. 

The purpose of an information is to advise the accused of the particular offense charged so that he can prepare a defense, 
Cash v. State
, 557 N.E.2d 1023 (Ind. 1990), 
reh'g denied
, and so that he can be protected from being twice placed in jeopardy for the same offense.  
Wright v. State
, 658 N.E.2d 563 (Ind. 1995).  To further these ends Ind. Code § 35-34-1-2(a)(4) requires that the information be in writing and allege the commission of an offense by "[s]etting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition."  The information should state the offense in the language of the statute or words that convey similar meaning.  
Miller v. State
, 634 N.E.2d 57 (Ind. Ct. App. 1994).  In this case the charging information tracks the language of the attempt statute as well as the robbery statute.  Higgins does not contend that he was misled by the charging information; nor does he contend that his defense was in any way affected by the wording of the information.  Further, we perceive no double jeopardy concerns in this case. 

Higgins also complains of the trial court's instruction defining the elements of attempted robbery.  The instruction reads in pertinent part: 

To convict the defendant of Attempted Robbery, as charged, the State must have proven each of the following elements beyond a reasonable doubt that:

1.   The defendant, Chester Higgins

2.   did intend to commit the crime of robbery

3.    by grabbing and pulling on the handle and/or strap of Leta Johnson's purse during which time Leta Johnson struggled to hold onto and retain her purse, breaking the strap, which conduct constituted a substantial step towards robbery, that is, to knowingly take property from the presence of another person by using force on any person

4.  which conduct resulted in bodily injury to Leta Johnson, to wit:  a cut and bruise.

R. at 73.  Making a similar argument to the one he made concerning the charging information, Higgins complains the instruction is erroneous because it failed to specify that to be guilty of attempted robbery as a Class B felony, Higgins must have intended to cause bodily injury to Leta Johnson.  He contends "[a] defendant should not be subjected to enhancement on an attempt crime unless there is proof of some 
mens rea 
on the part of the defendant as to the enhancing element."  
Brief of Appellant
 at 19.  We disagree.  As our supreme court has made clear:  "[b]y definition, there can be no 'attempt' to perform an act unless there is a simultaneous 'intent' to accomplish such act.  Simply stated, in order to commit a crime, one must intend to commit that crime while taking a substantial step toward the commission of the crime."  
Spradlin v. State
, 569 N.E.2d 948, 951 (Ind. 1991).  An instruction which fails to set forth all of the elements of the crime necessary for a conviction is fatally defective.  
Taylor v. State
, 616 N.E.2d 748, 749 (Ind. 1993).  However, the proscribed conduct in this case is the substantial steps taken to knowingly and intentionally take property from another person by putting that person in fear.  Bodily injury is a result, not conduct.  
Wethington v. State
, 655 N.E.2d 91, 96 (Ind. Ct. App. 1995), 
trans. denied
.  And the State need not prove bodily injury was the intended result in order to elevate the crime of robbery to a class B felony.  I.C. § 35-42-5-1; 
Stark v. State
, 489 N.E.2d 43, 48 (Ind. 1986).  If bodily injury occurs as a consequence of the defendant's conduct, then the offense is automatically raised to a class B felony regardless of the defendant's intent to cause injury.  
Phares v. State
, 506 N.E.2d 65, 69 (Ind. Ct. App. 1987).  Here, the trial court's instruction defining the offense of attempted robbery was properly given.  

Judgment affirmed. 

SHARPNACK, C.J., and DARDEN, J., concur.

FOOTNOTES
1:  Ind. Code §§ 35-41-5-1; 35-42-5-1.