## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert L. Wine,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 31, 2019

Court of Appeals Case No.
18A-CR-2186

Appeal from the Blackford
Superior Court

The Honorable Nick Barry, Judge

Trial Court Cause No.
05D01-1804-CM-111

**Crone, Judge.**

[1] Robert L. Wine appeals his conviction for level 6 felony battery by bodily waste, claiming that the charging information was deficient. Because Wine has waived this argument, we affirm.

On March 6, 2018, Aaron Morris was working as an emergency medical services provider and was dispatched to the Blackford County Jail on a report that Wine, an inmate, had consumed hand sanitizer and orange juice. Morris and his partner loaded Wine into the ambulance and hooked him up to an IV. As the ambulance neared the hospital, Wine became agitated and tried to rip out the IV. When the ambulance reached the hospital, Morris secured the IV and turned to leave the vehicle. Wine spat on the back of Morris's head.

The State charged Wine with class B misdemeanor battery by bodily waste and class B misdemeanor disorderly conduct. One week later, the State amended the battery charge to a level 6 felony, alleging that Wine "did knowingly or intentionally, in a rude, insolent, or angry manner, place bodily fluid or waste on Aaron Morris while the said official was engaged in the official's official duty …." Appellant's App. Vol. 2 at 15; *see* Ind. Code § 35-42-2-1(e)(2) (stating that battery is a level 6 felony if it "is committed against a public safety official while the official is engaged in the official's official duty"); Ind. Code § 35-42-2-1(a)(10) (defining "public safety official" in pertinent part as "an emergency medical services provider"). Wine failed to appear at his bench trial. At the close of evidence, Wine's counsel argued for the first time that Wine could not be convicted of battery because the charging information did not allege "that Aaron Morris was a public safety official." Tr. Vol. 2 at 33. The trial court rejected this argument, found Wine guilty of level 6 felony battery, and sentenced him to 910 days.

[4]     On appeal, Wine argues that his conviction should be reversed because "the State's amended charge failed to allege all elements necessary for a conviction[.]" Appellant's Br. at 8. The State contends that this argument is waived because Wine failed to file a motion to dismiss the charge. We agree. "The proper method to challenge deficiencies in a charging information is to file a motion to dismiss the information, no later than twenty days before the omnibus date." *Miller v. State*, 634 N.E.2d 57, 60 (Ind. Ct. App. 1994). Failure to do so results in waiver of the issue absent fundamental error, *id.*, and Wine alleges no fundamental error here. Therefore, we affirm.

[5]     Affirmed.

Vaidik, C.J., and Mathias, J., concur.