# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 02 2020, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

John R. Millikan
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Troy L. Neal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 2, 2020

Court of Appeals Case No.
19A-CR-2280

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-1801-F1-2787

**May, Judge.**

[1] Troy L. Neal challenges his thirty-five-year sentence for Level 2 felony attempted voluntary manslaughter.[1] Neal argues: (1) his sentence is inappropriate based on his character and the nature of his offense, and (2) the trial court abused its discretion when it considered his criminal history as an aggravating factor, while disregarding two mitigating circumstances. We affirm.

## Facts and Procedural History

[2] Neal and Kimberley Puckett married in July 2015 but formally separated in October 2018. The couple lived in Chesterfield, Indiana, but Neal moved to Losantville, Indiana, after their separation. Neal continued to watch and spy on Puckett, because he was suspicious that she was seeing another man and because he hoped for reconciliation. Although they were separated, Puckett continued to stay in touch with Neal to assist him with healthcare needs and day-to-day activities.

[3] Puckett met Axel Scheirs at the beginning of September 2018 at her place of work and the two developed a friendship. On October 25, 2018, Puckett invited Scheirs and his children to her house for dinner. At approximately 7:00 p.m., while Puckett and Scheirs were making dinner, Neal entered the home and

---

[1] Ind. Code § 35-42-1-3(a) (voluntary manslaughter); Ind. Code § 35-41-5-1 (attempt).

demanded to know whether Puckett was dating Scheirs. Puckett did not answer Neal's question but instead asked Neal what he was doing at her house. Visibly upset, Neal pulled out a "SWAT knife," (Tr. Vol. I at 119), and stabbed Scheirs, who was sitting at the dinner table, hitting Scheirs five times in the back. Scheirs attempted to ward Neal off with a gun that he had holstered at his right side. With the help of Puckett's son, D.J., Scheirs was able to get Neal to leave the house. As Neal left, he slashed one of Scheirs' tires before driving off in his own truck.

[4] Following the attack, Scheirs was transported via ambulance to the hospital for Level 1 Trauma injuries to his thorax, chest, and back, which required immediate emergency treatment. The attending trauma surgeon described Scheirs' injuries as follows:

> He had one (1) wound in the emergency room that had a skin bleeder and a large hematoma that was developing under that. We put a quick figure of eight (8) whip stitch in that just to kind of put some pressure on it, which took care of the bleeding. We then got a cat scan of the chest, which showed that he had a small numal thorax on the left, which is just an air cavity that indicates that something has penetrated the lung cavity. If the lung goes down, it means that there's been a wound, [an] entrance and exit wound somewhere into the lung cavity. On the right side, he had a numal thorax as well, the same, talking about [a] hemothorax, which there was a pocket of blood within the lung cavity itself, so some vessel had been hit and he was bleeding into the lung cavity.

(Tr. Vol. I at 191.) The surgeon explained that because Scheirs' injuries were located near vital organs and thin soft tissue, Scheirs was lucky that his wounds were not more serious or fatal.

[5] Later in the evening on October 25, two police officers who heard about the incident on the police radio confronted Neal at local gas station. Neal got into his vehicle and drove away, which resulted in a multi-vehicle high-speed chase. The pursuit ended after Neal exited his vehicle and attempted to escape into the woods on foot. The officers warned Neal to get on the ground, however after Neal did not listen to several orders to stop, police deployed a taser. Police subsequently placed Neal into handcuffs and took him to the police station.

[6] On October 31, 2018, the State charged Neal with Level 1 felony attempted murder,[2] Level 1 felony burglary with intent to commit a felony,[3] Level 2 felony burglary with intent to commit a felony with a deadly weapon,[4] and Level 6 felony resisting law enforcement.[5] On March 18, 2019, the State additionally alleged Neal was a habitual offender.[6]

[7] After a jury trial, the trial court found Neal guilty of the lesser-included offense of Level 2 felony attempted voluntary manslaughter. Neal admitted he was a

---

[2] Ind. Code § 35-42-1-1 (murder); Ind. Code § 35-41-5-1 (attempt).

[3] Ind. Code § 35-43-2-1.

[4] Ind. Code § 35-43-2-1(3)(A).

[5] Ind. Code § 35-44.1-3-1(a)(3).

[6] Ind. Code § 35-50-2-8.

habitual offender, and the trial court adjudicated him as such. Following a sentencing hearing, the trial court imposed a thirty-five-year sentence, based on twenty-five years for the felony and a ten-year enhancement for his habitual offender adjudication.

# Discussion and Decision

## 1. Inappropriate Sentencing

[8] We will reverse only if we determine Neal's sentence is inappropriate based on the nature of the crime and Neal's character. *See* Ind. Appellate Rule 7(B) (allowing appellate review of sentences based on defendant's character and nature of the offense). The defendant ultimately bears the burden of demonstrating the inappropriateness of his sentence. *Patterson v. State,* 909 N.E.2d 1058, 1063 (Ind. Ct. App. 2009). When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The minimum penalty for a Level 2 felony is ten years and the maximum penalty is thirty years, with a seventeen-and-a-half-year advisory period. Ind. Code § 35-50-2-4.5

[9] Regarding the nature of his crime, Neal attempts to minimize the injuries he inflicted upon Scheirs by emphasizing that they had no permanent physical effect on Scheirs nor did they require extensive hospitalization. (Br. of Appellant 15.) This minimizing sentiment is not shared by Scheirs, who

confirmed that the immediate pain from the five knife wounds to separate parts of his body was the worst pain he had experienced in his life. Even after his twenty-four-hour hospitalization, Scheirs required two additional weeks of pain management medication, without which he felt extreme pain. Furthermore, although Scheirs required only twenty-four hours of hospitalization, the attending trauma surgeon testified that Scheirs was "lucky" the wounds were not more serious or fatal. (Tr. Vol. I at 193–94.) Indeed, Neal himself admitted that the only reason he did not inflict even more damage was due to the layout of the rods on the back of the chair where Scheirs was sitting. Neal fully recognized the potential severity and the purpose of his actions, and he admitted during his police interview that he was "trying to kill" Scheirs, (*id.* at 118), that he was going to "take [Scheirs'] life[,]" (*id.* at 115), that he did not thrust the knife as hard as he could have, and that he was not sorry for stabbing Scheirs. These admissions demonstrate that Neal's actions, albeit fueled by passion, inflicted unnecessary pain on an unsuspecting victim and could have potentially resulted in a needless fatality.

[10] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The pre-sentence investigation report (PSI) elucidated Neal's criminal history, which included convictions for felony auto theft, felony sexual battery, felony burglary, misdemeanor resisting law enforcement, and misdemeanor operating a vehicle with alcohol concentration of .15 or more. Additionally, Neal was out on bond for pending charges of Level 6 felony

operating a vehicle while intoxicated endangering a person and misdemeanor operating a vehicle with alcohol concentration of .15 or more when he stabbed Scheirs, indicating a serious disregard for law and order. Although the extent to which a defendant's criminal history may be used to guide an appropriate sentence "varies based on the gravity, nature, and number of prior offenses in relation to the current offense," it is indicative as a "poor reflection on the defendant's character, [as] it may reveal that he or she has not been deterred even after having been subjected to the police authority of the State." *Cotto v. State,* 829 N.E.2d 520, 526 (Ind. 2005). Consequently, Neal's lengthy criminal record reflects poorly on his character. *See Mateo v. State*, 981 N.E.2d 59, 75 (Ind. Ct. App. 2012) (defendant failed to show that his sentence of twenty years for inflicting great bodily injury upon an unarmed victim was inappropriate given his numerous criminal offenses), *trans. denied*.

## 2. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for abuse of discretion. *Amalfitano v. State*, 956 N.E.2d 208, 211 (Ind. Ct. App. 2011), *trans. denied*. Pursuant to their statutory authority, trial courts may impose any sentence that is statutorily and constitutionally permissible "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind. Code § 35-38-1-7.1(d).

The trial court considered four aggravating factors that guided its sentencing decision: (1) Neal's extensive criminal history beginning in 1990; (2) Neal's

being out on bond for a pending offense in Delaware County when he stabbed Scheirs; (3) the injuries suffered by Scheirs exceeded what was required to prove attempted voluntary manslaughter; and (4) the multiple injuries and stab wounds inflicted upon Scheirs. Neal argues the trial court abused its discretion in considering his criminal history as an aggravating factor, but he does not challenge the other three aggravating factors that guided the trial court during sentencing. It is well-established that a single aggravating factor may support the enhancement of a sentence. *Miller v. State,* 634 N.E.2d 57, 64 (Ind. Ct. App. 1994). As there were three unchallenged aggravators upon which Neal's sentence could have been based, we need not consider whether the trial court's consideration of his criminal history as an aggravator was an abuse of discretion.[7]

[13] Neal further argues the trial court failed to give credence to two proposed mitigators: (1) the offense was not likely to recur, because the present incident had stemmed out of Neal's continuing aspiration and motive to reconcile with Puckett, and (2) Neal was gainfully employed as a heavy equipment mechanic

---

[7] We note, however, that the trial court is permitted by statute to consider a defendant's "history of criminal or delinquent behavior" when sentencing him. Ind. Code § 35-38-1-7.1(a)(2). We do not agree with Neal's contention that his criminal history is not a relevant aggravating factor. Although Neal argues that his only violent crime was for sexual battery twenty-five years ago and is thus unrelated, it is nonetheless similar to that of attempted voluntary manslaughter because both crimes involve physical harm to another person. *See Long v. State*, 867 N.E.2d 606, 617 (Ind. Ct. App. 2007) (defendant attempted to downplay the "gravity and proximity in time" of his twenty-year criminal history, however at least one of his convictions, criminal conversion and forgery, was similar to theft; such crimes involved the common factor of dishonesty). Further, a "record of arrest, particularly a lengthy one, may reveal that a defendant has not been deterred even after having been subject to the police authority of the State." *Barber v. State*, 863 N.E.2d 1199, 1207 (Ind. Ct. App. 2007).

for many years. (Br. of Appellee 8.) However, Neal did not argue these factors were mitigating during his sentencing hearing. "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000). Waiver notwithstanding, to show that the court failed to find a valid mitigating factor, a defendant must establish that the mitigating evidence is "both significant and clearly supported by the record." *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). However, the Court is not obligated to credit mitigating circumstances in the same manner as would the defendant. *Id*.

[14] Although Neal attempts to persuade us that he is unlikely to commit a similar offense in the future, the trial court was not required to credit his assertion. Neal had an excessive and violent response to seeing Puckett with a man she was not even dating at the time. Neal asserts that his crime was one of sudden passion, yet this does not reassure us that he will be able to control his emotions if a similar encounter occurs in the future. Further, Neal on multiple occasions emphasized his lack of remorse for stabbing Scheirs and his lone regret of failing to thrust the knife harder into Scheirs' back.

[15] As his final mitigating factor, Neal argues that his status as a long-term employee, a productive member of society, is enough to warrant mitigation of his sentence. This is not persuasive because "[m]any people are gainfully employed such that this would not require the trial court to note it as a

mitigating factor or afford it the same weight as [the defendant] proposes."

*Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied*.

[16] Finally, when a trial court is found to have abused its discretion in the process used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate. *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007). As stated *supra*, we conclude that Neal's sentence is not inappropriate. Therefore, we also conclude the trial court did not abuse its discretion when it sentenced Neal.

# Conclusion

[17] We hold that Neal's sentence was not inappropriate given his character and the nature of the crime he committed, and Neal has not demonstrated the trial court abused its discretion. Accordingly, we affirm.

[18] Affirmed.

Robb, J., and Vaidik, J., concur.