Steven M. BARRETT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 37A04–9308–CR–317.

Court of Appeals of Indiana,
Fourth District.

May 31, 1994.

Timothy D. Lucero, Lucero & Associates, Rensselaer, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

## Case Summary

Defendant-appellant Steven M. Barrett ("Barrett") appeals his convictions for Failure to Stop After Accident Resulting in Damage to Vehicle,[1] a class C misdemeanor, and Operation of Motor Vehicle by Habitual Traffic Violator,[2] a class A misdemeanor. We reverse in part and affirm in part.

## Issues

Barrett presents two issues for review:

I. Whether the evidence was sufficient to sustain his conviction for failure to stop after an accident resulting in damage to a vehicle?

II. Whether the evidence was sufficient to sustain his conviction for operating a vehicle as an habitual traffic violator?

## Factual and Procedural History

In the early morning of December 27, 1992, Barrett, who as an habitual traffic offender had a suspended license, left the scene of an accident involving his employer's delivery truck, which had skidded off of the road and turned over. William Banashak ("Banashak"), manager of a hotel near the site of the accident, heard a loud bang and immediately looked outside. He saw Barrett walking away from the wrecked truck.

On April 19, 1993, a jury found Barrett guilty as charged of one count of Failure to Stop After Accident Resulting in Damage to a Vehicle, a class C misdemeanor, and one count of Operation of Motor Vehicle by an Habitual Traffic Violator, a class D felony. At the May 17, 1993 sentencing hearing, the trial court entered judgment on the habitual traffic violator conviction as a class A misdemeanor and imposed a one year sentence. The trial court also imposed a sixty day sentence for the failure to stop count, ordered six months of probation, imposed fines totalling $20 and suspended Barrett's driver's license for two years.[3]

1. Ind.Code § 9–26–1–2.

2. Ind.Code § 9–30–10–16.

3. We heard oral argument on April 21, 1994.

4. Ind.Code § 9–26–1–1.

## Discussion and Decision

Barrett argues that the trial court improperly denied his motion for a directed verdict because the evidence was insufficient to sustain his conviction for failure to stop after an accident. Specifically, he contends that there was insufficient evidence of damage to the truck. We find his argument without merit, but nevertheless, we reverse his conviction for failure to stop because there was no evidence of damage to the vehicle of another person.

Barrett was charged under Indiana Code § 9–26–1–2, which states in pertinent part:

The driver of a vehicle involved in an accident that does not result in injury or death of a person but that does result in damage to a vehicle that is driven or attended by a person shall do the following:

\*   \*   \*   \*   \*   \*

(2) Immediately return to and remain at the scene of the accident until the driver does the following:

(A) Gives the driver's name and address and the registration number of the vehicle the driver was driving.

(B) Upon request, exhibits the driver's license of the driver to the driver or occupant of or person attending each vehicle involved in the accident.

\*   \*   \*   \*   \*   \*

It is clear from the statute's language that the legislature was contemplating accidents involving two cars, and not one car accidents. For example, it is illogical to think that the legislature would require the driver of a car involved in a one car accident to remain with his car in order to give information to himself. Further, the legislature has provided statutes covering accidents involving personal injury or death,[4] colliding with an unattended vehicle[5], and causing damage to property other than a vehicle.[6] The statutory scheme indicates that these provisions

5. Ind.Code § 9–26–1–3.

6. Ind.Code § 9–26–1–4.

cover accidents between the driver of a vehicle and the person or property of *another person*. Further, if the legislature had intended to include one car accidents, it would have explicitly done so. Because there is no evidence in the record that Barrett caused damage to a second vehicle driven or attended by another driver, the evidence is insufficient to sustain his conviction.

Next, Barrett contends that the trial court improperly denied his motion for a directed verdict because the evidence was insufficient to support his conviction for operating a motor vehicle as a habitual traffic offender. Specifically, he maintains that there was no evidence that he was driving the delivery truck. The State points to a variety of circumstantial evidence from which the jury could infer that Barrett was driving the truck.

In order for a trial court to grant a motion for a directed verdict, there must be a total lack of evidence on an essential element of the crime or the evidence must be without conflict and susceptible to only an inference in favor of the defendant's innocence. *Parks v. State* (1987), Ind., 513 N.E.2d 170, 172. If the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for a directed verdict cannot be in error. *Id.* When reviewing the sufficiency of the evidence, we will neither reweigh the evidence nor assess the credibility of the witnesses. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. We will consider only the evidence favorable to the verdict and all reasonable inferences to be drawn from that evidence. *Id.* If there is substantial evidence of probative value to support the conclusions of the trier of fact, we shall affirm the conviction. *Id.*

The uncorroborated testimony of one witness is sufficient to sustain a conviction. *Jewell v. State* (1989), Ind., 539 N.E.2d 959, 964. In the instant case, Banashak testified that he saw the accident scene immediately after hearing a crash. He saw Barrett, alone, walking away from the overturned truck. Banashak watched the truck and Barrett continuously, except for a brief thirty second period. Banashak moved toward Barrett in order to ask if he was alright, but Barrett motioned for him to stay away. Banashak testified that Barrett looked disoriented and smelled of alcohol. Barrett then went into a gas station and made a call from a pay telephone. Apparently, Barrett was unable to reach anyone and he slammed down the telephone and left.

In a similar case, this court held that evidence the defendant was in close proximity to a vehicle, with no one else present, supported an inference that the defendant had been driving the vehicle. *Parsons v. State* (1975), 166 Ind.App. 152, 333 N.E.2d 871, 873. Here, the evidence is sufficient to create an inference that Barrett was driving the delivery truck. The evidence supports Barrett's conviction for driving a vehicle while a habitual traffic offender.

Reversed in part, affirmed in part.

NAJAM and SULLIVAN, JJ., concurring.