Fredrick A. ZITLAW, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A05–0701–CR–35.

Court of Appeals of Indiana.

Feb. 14, 2008.

Rehearing Denied April 24, 2008.

Joel M. Schumm, Kathleen M. Sweeney, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Fredrick A. Zitlaw appeals the trial court's denial of his motion to dismiss. Zitlaw raises three issues, which we consolidate and restate as whether the trial court abused its discretion by denying Zitlaw's motion to dismiss his charge for performance harmful to minors as a class D felony. We affirm.

The relevant facts follow. On June 16, 2006, the State charged Zitlaw with performance harmful to minors as a class D felony,[1] two counts of public indecency as a class A misdemeanor,[2] and public nudity as a class B misdemeanor.[3] The charging information for performance harmful to minors alleged that Zitlaw "did knowingly or intentionally engage in or conduct a performance, to-wit: public indecency and/or public nudity; in an area to which minors have visual, auditory or physical access, to-wit: public park; said performance being harmful to minors." Appellant's Appendix at 7. The probable cause affidavit provided:

On the 8th day of May, 2006, [Deputy William Clifford of the Hamilton County Sheriff's Department] came into contact with [Zitlaw] in the following manner: [Deputy Clifford] was working in an undercover capacity in a park in Hamilton County. [Zitlaw] followed [him] down a path, once on the path [Zitlaw] directed [him] to go down into a dry creek bed.

---

1. Ind.Code § 35–49–3–3(a) (2004) (subsequently amended by Pub.L. No. 140–2006, § 35 (eff. July 1, 2006)).

2. Ind.Code § 35–45–4–1(a) (2004).

3. Ind.Code § 35–45–4–1.5 (2004).

During the course of [his] contact with [Zitlaw], [Deputy Clifford] observed [Zitlaw] expose his penis and fondle it in front of [him] attempting to get [him] to engage in oral sex.

*Id.* at 9. The probable cause affidavit also alleged that children were present in the park that day.

Zitlaw filed a motion to dismiss the charge of performance harmful to minors as a class D felony. Zitlaw alleged that: (1) the charging information omitted an essential element of the crime, specifically the information omitted the statutory exception "unless each minor is accompanied by the minor's parent or guardian" language; (2) the charging information failed to allege the names of the minors present in the park or affected in any way by Zitlaw's actions; (3) the facts alleged do not constitute a violation of the performance harmful to minors statute because no actual minors heard or saw the actions; and (4) the performance harmful to minors statute is unconstitutionally vague. After a hearing, the trial court denied Zitlaw's motion to dismiss as follows:

1.  [Zitlaw's] MOTION TO DIMISS directs into contentions toward Count 1 PERFORMANCE HARMFUL TO MINORS I.C. 35–49–3–3(5), a Class D Felony.... The statute upon which such criminal charge is based is I.C. 35–49–3–3(5), which states in pertinent part:

    "... a person who knowingly or intentionally:

    . . .

    (5) engages in or conducts a performance that is harmful to minors in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by the minor's parent or guardian.

    . . .

    commits a Class D Felony."

2.  [Zitlaw] first contends that this Count should be dismissed for the reason that the State of Indiana has failed to allege as essential elements of the crime the names of the minors which were involved in this offense and also omits in such Charging Information the exception "unless each minor is accompanied by the minor's parent or guardian."

3.  [T]he Court in review of a statute is to uphold the intent of the legislature. 26 I.L.E. Statutes § 63 (2004).

4.  [T]he legislature's intent was to make it a crime when a person engages in or conducts a performance that is harmful to minors, and that such a person may not knowingly or intentionally do such an act in an area where minors may have visual, auditory or physical access. The legislature's intent was to establish by this statute that children should not be exposed to such alleged criminal behavior.

5.  [Zitlaw] allegedly chose a public place (a park) instead of choosing a private room for such alleged acts. Therefore, [Zitlaw] has the legal responsibility to be sure that children are not exposed to such alleged acts.

6.  [Zitlaw] seems to suggest that this legislation does not apply to public parks but must be confined to book stores or theaters. This interpretation would go against the holding in *Sloan v. State,* 794 N.E.2d 1128 [ (Ind.Ct.App.2003), *trans. denied* ]. Further [Zitlaw's] interpretation would improperly confine the legislation to making the act illegal only when children are actually present

instead of making it illegal to conduct such acts "in an area to which minors have visual, auditory, or physical access."

7. [T]he legislature has the right to establish a statute to protect children in the State from being exposed to a performance that is harmful to minors. Parents have the right to believe that public parks will be safe from alleged activity that would be harmful to children.

8. [T]he legislature did provide an affirmative defense to a defendant that wishes to engage in or conduct a performance that is harmful to a minor in an area to which minors have visual, auditory, or physical access. Such affirmative defense is given when the minor "is accompanied by the minor's parent or guardian." Such person may do the alleged conduct if permission is given by the parents or guardian. The legislature has established that such permission is shown by the parents or guardian accompanying the child to such performance. If a person is going to engage in such conduct, it is the responsibility of the person to obtain the consents of the parents in such area.

\* \* \* \* \* \*

10. [Zitlaw] next contends that the facts alleged in the Charging Information do not as a matter of law constitute a violation of the performance harmful to minors act. The Court finds that it is for the jury to decide whether [Zitlaw] knowingly and intentionally engaged in such prohibitive conduct.

11. [F]inally, [Zitlaw] contends that the performance harmful to minors statute is unconstitutionally vague

as applied to this case. The legislature, in addition to specifically defining the prohibited acts in I.C. 35–49–3–3, also has specifically defined "a matter or performance harmful to minors" in I.C. 35–49–2–2. The Court finds that the legislature has clearly defined what conduct is prohibited, and therefore such statute is not unconstitutionally vague as applied to this case.

*Id.* at 64–66.

On appeal, the issue is whether the trial court abused its discretion by denying Zitlaw's motion to dismiss his charge for performance harmful to minors as a class D felony. Ind.Code § 35–34–1–4 provides for the dismissal of an information upon any of the following grounds: "(1) The indictment or information, or any count thereof, is defective under [Ind.Code § 35–34–1–6]; ... (4) The indictment or information does not state the offense with sufficient certainty; (5) The facts stated do not constitute an offense; ... (11) Any other ground that is a basis for dismissal as a matter of law." Generally, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. D.M.Z.,* 674 N.E.2d 585, 587 (Ind.Ct.App. 1996), *trans. denied.* A trial court considering a motion to dismiss in a criminal case need not rely entirely on the text of the charging information but can hear and consider evidence in determining whether or not a defendant can be charged with the crime alleged. *See* Ind.Code § 35–34–1–8.

On appeal, the reviewing court will review a trial court's grant of a motion to dismiss an information for an abuse of discretion. *State v. Isaacs,* 794 N.E.2d 1120, 1122 (Ind.Ct.App.2003). In reviewing a trial court's decision for an abuse of discretion, we reverse only where the deci-

sion is clearly against the logic and effect of the facts and circumstances. *Id.*

■ On appeal, Zitlaw argues that the trial court should have granted his motion to dismiss because: (1) the charging information omits a material element of the applicable statute, i.e. "unless each minor is accompanied by the minor's parent or guardian"; (2) the charging information fails to allege the names of minor victims; (3) Ind.Code § 35–49–3–3(5), which governs the offense of conducting a performance harmful to minors as a class D felony, is unconstitutionally vague; (4) the facts do not, as a matter of law, constitute a performance harmful to minors as defined by Ind.Code § 35–49–2–2; and (5) Ind. Code § 35–49–2–2, which defines a performance harmful to minors, is unconstitutionally vague.

■ Resolution of the issues raised by Zitlaw requires interpretation of Ind.Code § 35–49–3–3. The interpretation of a statute is a question of law reserved for the courts. *Scalpelli v. State*, 827 N.E.2d 1193, 1196 (Ind.Ct.App.2005), *trans. denied.* "A statute whose language is clear and unambiguous is not subject to judicial interpretation." *Id.* "If, however, the statute is ambiguous, the court must determine the legislative intent and interpret the statute accordingly." *Id.* "To determine legislative intent, we look to the plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech." *Id.*

Ind.Code § 35–49–3–3(a) governs the offense of performance harmful to minors as a class D felony and, at the time of Zitlaw's alleged offense, provided that a person who knowingly or intentionally:[4]

(1) disseminates matter to minors that is harmful to minors;

(2) displays matter that is harmful to minors in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by the minor's parent or guardian;

(3) sells or displays for sale to any person matter that is harmful to minors within five hundred (500) feet of the nearest property line of a school or church;

(4) engages in or conducts a performance before minors that is harmful to minors;

(5) engages in or conducts a performance that is harmful to minors in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by the minor's parent or guardian;

(6) misrepresents the minor's age for the purpose of obtaining admission to an area from which minors are restricted because of the display of matter or a performance that is harmful to minors; or

(7) misrepresents that the person is a parent or guardian of a minor for the purpose of obtaining admission of the minor to an area where minors are being restricted because of display of matter or performance that is harmful to minors;

commits a Class D felony.

Subsections 1 and 4 clearly require the involvement of actual minors—i.e., the dissemination of matter "to minors" or conduction of a performance "before minors...." I.C. § 35–49–3–3(a)(1), –3(a)(4). On the other hand, subsections 2, 3, and 5

4. Ind.Code § 35–49–3–3(a)(3) was amended effective July 1, 2006, to read: "sells, rents, or displays for sale or rent to any person matter that is harmful to minors within five hundred (500) feet of the nearest property line of a school or church."

do not require the actual presence of a minor. Subsection 3 only required the sale or display of matter harmful to minors within 500 feet of a school or church. Subsection 5, which is at issue here, and subsection 2 forbid certain conduct "in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by the minor's parent or guardian." I.C. § 35–49–3–3(a)(2), –3(a)(5). "Access" is defined as "permission, liberty, or ability to enter, approach, or pass to and from a place or to approach or communicate with a person or thing." MERRIAM-WEBSTER'S ONLINE DICTIONARY, http://www.m-w.com/dictionary/access (last visited October 22, 2007). Under the clear and unambiguous definition of "access," the minor need not be present. Rather, minors only need the ability to see or hear the conduct or the ability to be present.[5] *See, e.g., Glotzbach v. State,* 783 N.E.2d 1221, 1227 (Ind.Ct.App.2003) (interpreting the phrase "in or on a public place where a child less than sixteen (16) years of age is present" to mean that the children "only must be in the general area in a public place where the perpetrator is so that there is a reasonable prospect that children under sixteen might be exposed to the perpetrator's conduct").

Zitlaw argues that the phrase "unless each minor is accompanied by the minor's parent or guardian" is problematic to this interpretation. However, we agree with the State's interpretation. The State contends that this phrase is like an affirmative defense and allows a defendant to "show that *un*accompanied minors may not have access to the place in question, such as in a strip bar or an x-rated movie house, where, in fact, unaccompanied minors are not usually allowed." Appellee's Brief at 13. "In other words, where an *un*accompanied minor has no access, there is no crime."[6] *Id.* The charging information here identified the location of Zitlaw's offense as a public park, which is clearly a location in which unaccompanied minors are usually allowed. Further, a public park is clearly a place where minors would have the ability to see or hear Zitlaw's conduct or the ability to be present.

■ We conclude that it was unnecessary for the State to name specific minor victims in the charging information and

---

5. The dissent also argues that Zitlaw did not engage in a "performance," which is defined as "any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live, performed before an audience of one (1) or more persons." Ind.Code § 35–49–1–7. However, Zitlaw did not make this argument in his Appellant's Brief. Consequently, this basis for reversing the trial court's denial of Zitlaw's motion to dismiss has been waived. *See, e.g., Chupp v. State,* 830 N.E.2d 119, 126 (Ind.Ct.App.2005) (holding that the defendant waived an argument by failing to raise it in his appellant's brief). Waiver notwithstanding, a finding that Zitlaw did not engage in a performance conflicts with our opinion of *Sloan v. State,* 794 N.E.2d 1128 (Ind.Ct.App.2003). There, the defendant broke into a home, sat on a couch next to an eight-year-old girl, and exposed and manipulated his penis. *Sloan,* 794 N.E.2d at 1134. We held that this was a "perform-

ance" as defined by Ind.Code § 35–49–1–7, and further noted that "we do not limit 'performance' to commercial or recognized entertainment media such as plays, motion pictures, concerts and the like." *Id.* at 1134 n. 8. We see little distinction between *Sloan* and this case where Zitlaw allegedly exposed and manipulated his penis before the officer.

6. Although the "unless each minor is accompanied by the minor's parent or guardian" phrase logically must apply only to plays, movies, dances, and other exhibitions at which unaccompanied minors are not usually allowed, we encourage the legislature to clarify the statute to better reflect this intent. *See* Ind.Code § 35–49–1–7 (defining "performance" as "any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live, performed before an audience of one (1) or more persons").

that it was unnecessary that the State include the phrase "unless each minor is accompanied by the minor's parent or guardian" in the charging information. "A charging information must allege the elements of the crime such that the accused is sufficiently apprised of the nature of the charges against him so that he may anticipate the proof and prepare a defense in advance of trial." *Winn v. State,* 748 N.E.2d 352, 356 (Ind.2001); Ind.Code § 35–34–1–2. "Absence of detail in an information is fatal only if the phraseology misleads the defendant or fails to give him notice of the charges against him." *McGee v. State,* 495 N.E.2d 537, 538 (Ind. 1986). The charging information at issue here sufficiently apprised Zitlaw of the nature of the charges against him.

■ Zitlaw also argues that the facts alleged in the charging information do not, as a matter of law, constitute a violation of Ind.Code § 35–49–3–3 because Zitlaw did not commit a "performance that is harmful to minors" as that phrase is defined in Ind.Code § 35–49–2–2. A performance is harmful to minors if:

(1) it describes or represents, in any form, nudity, sexual conduct, sexual excitement, or sado-masochistic abuse;

(2) considered as a whole, it appeals to the prurient interest in sex of minors;

(3) it is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors; and

(4) considered as a whole, it lacks serious literary, artistic, political, or scientific value for minors.

Ind.Code § 35–49–2–2. Zitlaw argues that subsections 2 and 3 are not satisfied because no minors were present. First, we note that subsections 2 and 3 do not re-

quire the actual presence of a minor. Moreover, as noted above, we conclude that Ind.Code § 35–49–3–3(a)(5) does not require the actual presence of minors. Thus, Zitlaw's argument fails.

■ Finally, Zitlaw argues that both Ind.Code § 35–49–3–3, which defines the offense of performance harmful to minors as a class D felony, and Ind.Code § 35–49–2–2, which defines the phrase "performance that is harmful to minors," are unconstitutionally vague. When the validity of a statute is challenged, the reviewing court begins with a presumption of constitutionality. *Glover v. State,* 760 N.E.2d 1120, 1123 (Ind.Ct.App.2002), *trans. denied.* The burden to rebut this presumption is upon the challenger, and all reasonable doubts must be resolved in favor of the statute's constitutionality. *Id.* A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the proscribed conduct. *Id.* The statute need only inform the individual of the generally proscribed conduct; it need not list with exactitude each item of conduct prohibited. *Id.* A statute is void for vagueness only if it is vague as applied to the precise circumstances of the instant case. *Id.*

■ Zitlaw poses hypothetical situations in an attempt to demonstrate that the statutes are vague. For example, Zitlaw argues that the statute would be violated if a minor hears an older sibling having sex in an adjacent room or if a curious child peers into a neighbor's partially fenced-in patio and sees sexual activity occurring in a hot tub. However, "while there is little doubt that imagination can conjure up hypothetical cases in which the meaning of [the statute's] terms will be in nice question, because we are condemned to the use of words we can never expect mathematical certainty from our lan-

guage." *Shuger v. State,* 859 N.E.2d 1226, 1235–1236 (Ind.Ct.App.2007) (quoting *Hill v. Colorado,* 530 U.S. 703, 733, 120 S.Ct. 2480, 2498, 147 L.Ed.2d 597 (2000) (internal citations omitted)), *trans. denied.* "More importantly, speculation about possible vagueness in hypothetical situations not before [the court] will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." *Id.* at 1236 (quoting *Hill,* 530 U.S. at 733, 120 S.Ct. at 2498).

Despite the hypotheticals posed by Zitlaw, we conclude that individuals of ordinary intelligence would comprehend the performance harmful to minors statute adequately enough to inform them of the proscribed conduct.[7] Further, Zitlaw's alleged conduct of exposing himself in a public park for the purpose of engaging in oral sex clearly falls within the conduct proscribed by the statutes. Consequently, we conclude that the trial court did not abuse its discretion by denying Zitlaw's motion to dismiss. *See, e.g., Shuger,* 859 N.E.2d at 1236 ("We likewise conclude that despite the hypotheticals the Shugers pose to us in their brief, it is clear what activities the Hunter Harassment Statute as a whole prohibits.").

For the foregoing reasons, we affirm the trial court's denial of Zitlaw's motion to dismiss the charge of performance harmful to minors as a class D felony.

Affirmed.

FRIEDLANDER, J., concurs.

RILEY, J., dissents with separate opinion.

Judge, RILEY, dissenting.

I would reverse the trial court's denial of Zitlaw's motion to dismiss. The main rea-

---

7. We acknowledge that the Indiana Supreme Court recently addressed such hypotheticals in *Brown v. State,* 868 N.E.2d 464, 468–469 (Ind.2007), where it held that the terms "fraud" and "enticement" in the criminal confinement statute were void for vagueness. However, we find *Brown* distinguishable. There, the court held:

> Ordinary people commonly understand "fraud" to mean "trickery," "deception," or "deceit." Thus understood, the offense of criminal confinement, a class D felony, would be committed whenever a person knowingly or intentionally causes another person to change location by means of trickery, deception, or deceit. The scope of such proscription would embrace a vast assortment of very acceptable and even salutary conduct that is clearly not criminal in nature, e.g., using misleading reasons to secure a person's attendance for their surprise birthday celebration; evoking Santa Claus's watchful eye to induce a child to go to bed; employing flattery or exaggeration to motivate another person to attend an event; asserting an untruth to persuade an Alzheimer's patient to enter the location of a caregiver.
>
> Criminal confinement for removal by enticement can likewise be applied to crimi-
>
> nalize an assortment of legitimate, normal everyday behavior. The word "enticement" is commonly understood to mean the act of attracting, luring, or tempting another by arousing hope or desire. The offense of criminal confinement, a class D felony, would thus occur whenever a person knowingly or intentionally arouses hope or desire in another person to lure or attract the other to change location. Literally, this proscription would include a broad array of quite acceptable human behavior, e.g., intraspousal and parent-child communications to induce a change in location; commercial advertising to entice travel or visits to stores or events; religious appeals to foster church attendance. As to both fraud and enticement, the possibilities seem endless.

*Id.* at 468–469 (footnote omitted). Each of Zitlaw's hypotheticals involves private conduct inadvertently witnessed or heard by a minor. Indiana courts have already held that conduct performed in private in a place where the person has a right to be does not constitute a "performance." *See Sloan,* 794 N.E.2d at 1134. Thus, Zitlaw's hypotheticals are not persuasive in demonstrating that the statute is unconstitutionally vague.

son for my divergence from the majority's opinion is my interpretation that "an area to which minors have visual, auditory, or physical access," as included in the definition of the crime of conducting performance harmful to minors, requires the actual presence of minors that can see, hear, or feel the performance. Ind.Code § 35–49–3–3(5). I also interpret the language of this subsection as requiring the State to prove, beyond a reasonable doubt, that the minors are unaccompanied by their parent or guardian. Thus, I would conclude that any information charging a person with engaging or conducting a performance harmful to minors must identify by allegation at least one minor who saw, heard, or felt the performance, and allege that the minors were unaccompanied by their parent or guardian.

## I. *I.C. § 35–49–3–3(5) Requires the Presence of Minors*

When reviewing the statute, I note that the subsections begin by prohibiting certain behavior in areas where minors have "visual, auditory, or physical access." I.C. § 35–49–3–3(2) & (5). Our legislature has not defined what is meant by "access." Undefined words in a statute are usually given their plain, ordinary and usual meaning. *See* I.C. § 1–1–4–1(c). Courts may consult English language dictionaries to ascertain the plain and ordinary meaning of a statutory term. *Stratton v. State*, 791 N.E.2d 220, 224 (Ind.Ct.App.2003). This is how the majority develops its interpretation that access as included in the statute means "permission, liberty, or ability to enter, approach, or pass to and from a place or to approach or communicate with a person or thing." Op. at 730. Applying this definition, the majority concludes that minors need not be present to see, hear, or feel a performance unsuitable for minors for it to be harmful to them, and thus a Class D felony.

However, predictable situations can be anticipated when consenting adults will engage in certain behavior not suitable for minors in places where minors have the ability to be present, but are not. I conclude that our legislature did not intend to criminalize such actions. For example, taking the majority's interpretation and applying it to subsection I.C. § 35–49–3–3(2), which also requires "visual, auditory, or physical access," an adult in any public area who shows another adult friend a small pornographic picture which displays a woman's naked breasts has committed dissemination of matter harmful to minors, a Class D felony, even if at the time of the display no minor is located within miles of the two adults.[8] Furthermore, a married couple that engages in sexual conduct while tent camping in a secluded wilderness area that is open to the public would be committing a Class D felony pursuant to the majority's interpretation of I.C. § 35–49–3–3(5) regardless of how careful they are to be sure no minors are anywhere close to their campsite. What is more, fully clothed amorous young adults, located in an out-of-the-way area of a public park, that engage in kissing that most adults would consider too passionate for younger eyes could be arrested as felons

---

8. "Matter" for this statute includes "any picture." I.C. § 35–49–1–3. The picture is "harmful to minors" if:

   (1) it describes or represents, in any form, nudity, sexual conduct, sexual excitement, or sadomasochistic abuse;

   (2) considered as a whole, it appeals to the prurient interest in sex of minors;

   (3) it is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors; and

   (4) considered as a whole, it lacks serious literary, artistic, political, or scientific value for minors.

   I.C. § 35–49–2–2.

by the majority's interpretation although no minors observe their actions.

For this reason, I believe we should be guided by the logic of our court in *Low v. State*, 580 N.E.2d 737 (Ind.Ct.App.1991), an appeal from a conviction for an "obscene performance." In *Low*, a police officer called a woman to his hotel room where she showed him her breasts and fondled herself. We held that unless the statute was narrowly construed, conduct similar to the acts in that case occurring between consenting married adults would fall within the purview of the statute. *Id.* at 740. "We may give narrow construction to statutes to save them from nullification if the construction does not establish a new or different policy basis and is consistent with legislative intent." *Id.; see also Brown v. State*, 868 N.E.2d 464, 469 (Ind. 2007) (holding that the criminal confinement statute, "as to its inclusion of the words 'fraud' and 'enticement,' is void for vagueness," because the common meaning of those words as ascertained from an English language dictionary would lead to arrests and convictions for trivial acts or encourage arbitrary or discriminatory enforcement). Moreover, penal statutes, such as the statute at issue, are to be strictly construed against the State; any ambiguity must be resolved against imposing the penalty, and only those cases which are clearly within its meaning and intention can be brought within the statute. *State v. D.M.Z.*, 674 N.E.2d 585, 588 (Ind. Ct.App.1996), *trans. denied.*

In determining what our legislature has intended by the word "access," I choose first to look to the words preceding it. A method to determine the meaning of doubtful words is by reference to their relationship with other associated words and phrases. *Id.* By stating the types of access as being "visual, auditory, or physical," the legislature has identified three separate sensory modes by which minors will become aware of the harmful performance: sight, sound, and touch. Therefore, I conclude that "access," as used in subsection I.C. § 35–49–3–3(5), denotes something more than permission, liberty or ability to be present in the area; it requires actual presence of a minor to see, hear, or feel the performance.

Further, I note that the title of the statute is "Dissemination of matter or conducting performance harmful to minors." I.C. § 35–49–3–3. "If the language of a statute is ambiguous or doubtful, reference may be made to its title in ascertaining the legislative intention." *Miles v. Dep't of Treasury*, 209 Ind. 172, 184, 199 N.E. 372, 377 (1935). I conclude that the behavior proscribed cannot be *harmful to minors* if minors do not hear, see, or feel it. Indiana Code section 35–49–2–2 defines when a matter or performance is *harmful to minors*. The statute requires, among other things, that the matter or performance is "patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance *before minors*." I.C. § 35–49–2–2(3) (emphasis added). The focus of the statute is to outlaw behavior, not because it is generally offensive or obscene, but because such behavior is not suitable for minors. This supports my conclusion that our legislature's intent was to outlaw the proscribed behavior only when minors are actually present to see, hear, or feel it.

Moreover, I.C. § 35–49–3–3(5) requires a "performance." A "performance" is statutorily defined in Indiana Code Article 49 as "any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live, performed before an audience of one (1) or more persons." I.C. § 35–49–1–7. I would conclude that the requirement of a "performance," described as exhibition or

presentation, *which in turn requires an audience,* further supports my interpretation that our legislature intended that the conduct proscribed by I.C. § 35–49–3–3(5) be seen, heard, or felt by minors before it can be considered criminal.[9]

## II. *The State Must Allege the Minors Were Not Accompanied by Parents or Guardians*

Further, I believe the information filed by the State is insufficient for failing to allege that minors were not accompanied by their parents or guardians. I.C. § 35–49–3–3(5) contains a caveat which negates the criminality of engaging in the prohibited conduct: "unless each minor is accompanied by the minor's parent or guardian." I conclude that this clause constitutes an element of the crime performance harmful to minors. An element has been defined as "[a] constituent part of a claim that must be proved for the claim to succeed." BLACK'S LAW DICTIONARY 559 (8th ed.2004). For the State to successfully prove its claim of performance harmful to minors, they must prove the minors—which they should have alleged were present, but did not—were unaccompanied by their parents or guardians. Therefore, I find that the State's Information fails to comport with the requirements of Indiana Code section 35–34–1–2, which requires that an information set forth the nature and elements of

the offense charged. *See Miller v. State,* 634 N.E.2d 57, 60 (Ind.Ct.App.1994).

Finally, as the majority explains, "[a] charging information must allege the elements of the crime such that the accused is sufficiently apprised of the nature of the charges against him so that he may anticipate the proof and prepare a defense in advance of trial." Op. at 731 (quoting *Winn v. State,* 748 N.E.2d 352, 356 (Ind. 2001); I.C. § 35–34–1–2). Regardless of whether the language "unless each minor is accompanied by the minor's parent or guardian" is viewed as an element of the crime or as an affirmative defense, I conclude that this language requires the State to allege in a charging information specific minors who were unaccompanied by parent or guardian so that Zitlaw may defend himself, either by disputing the sufficiency of the State's evidence, or by presenting his own evidence which proves that the minors were accompanied by parents or guardians.

Based on the foregoing, I would reverse the trial court's denial of Zitlaw's motion to dismiss and remand for further proceedings on the other charges against him.

---

**9.** Even accepting the majority's interpretation for sake of argument, I note from the facts presented to us in the limited pre-trial record that Deputy Clifford kneeled before Zitlaw, placing his face level with Zitlaw's penis. I interpret Deputy Clifford's action as one of participation, making Deputy Clifford a participant and not an audience; therefore, the State has not alleged a performance as required by I.C. § 35–49–3–3(5).