v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0801–JV–11.**

Court of Appeals of Indiana.

July 15, 2008.

Transfer Denied Sept. 30, 2008.

---

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

M.S. appeals his adjudication as a delinquent for committing an act that would be disseminating matter harmful to minors as a class D felony[1] if committed by an adult. M.S. raises one issue, which we restate as whether the evidence is sufficient to sustain his adjudication as a delinquent. We affirm.

The relevant facts follow. M.S. was born on October 10, 1990. On the evening of September 7, 2007, M.S., while driving by the Indiana State Fairgrounds in a sports car, was playing a DVD containing nudity and sexual content on a fifteen-inch video screen mounted in the rearview window and visible to the public. There was a passenger in the passenger seat beside him. When Indianapolis Police Officer Steven Jenkins first observed the car that M.S. was driving, he also noticed that, despite the "moderately high traffic volume at that time," the driver of the "car directly behind [M.S.'s] car had increased or given an unusual length of distance between his car and the back of [M.S.'s] car." Transcript at 9. The car behind M.S. contained two adults in the front and children in the back. Several other vehicles were also stopping, leaving "two to three car lengths" between themselves and M.S.'s car. *Id.* at 17.

Officer Jenkins stopped M.S. and found "another duplicate sized screen" on the center console between M.S. and the passenger in the seat beside him. *Id.* at 12. The "actual DVD" that was playing on the video screen in the rearview window "was housed in that unit" on the center console. *Id.*

The State alleged that M.S. was delinquent for committing an act that would be disseminating matter harmful to minors as a class D felony if committed by an adult. After a hearing, the juvenile court entered a true finding on the allegation.

The issue is whether the evidence is sufficient to sustain M.S.'s adjudication as a delinquent for committing an act that would be disseminating matter harmful to minors as a class D felony if committed by an adult. When the State seeks to have a juvenile adjudicated as a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. *J.S. v. State*, 843 N.E.2d 1013, 1016 (Ind.Ct.App. 2006), *trans. denied.* In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. *Id.*

The offense of disseminating matter harmful to minors is governed by Ind.Code § 35–49–3–3(a), which provides in relevant part: "[A] person who knowingly or intentionally . . . displays matter that is harmful to minors in an area to which minors have visual, auditory, or physical access, unless each minor is accompanied by the minor's

1. Ind.Code § 35–49–3–3 (Supp.2006).

parent or guardian ... commits a D felony." [2] Thus, to adjudicate M.S. to be a delinquent for committing an act that would be disseminating matter harmful to minors as a class D felony if committed by an adult, the State needed to prove beyond a reasonable doubt that M.S. knowingly or intentionally displayed matter that is harmful to minors in an area to which minors have visual, auditory, or physical access.[3] M.S. argues that the State failed to prove that: (A) "he was responsible for playing the DVD;" and (B) "any minors were exposed to the DVD." Appellant's Brief at 7. We will address each argument separately.

## A. *Responsibility for Playing DVD*

■ M.S. argues that the State failed to prove that he was responsible for playing the DVD. Specifically, M.S. argues that "the record leaves open the possibility that the unidentified passenger initiated the playing of the DVD player without [his] knowledge." Appellant's Brief at 7. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." *Forrest v. State*, 757 N.E.2d 1003, 1005 (Ind.2001) (quoting Ind.Code § 35–41–2–2). The "knowingly" element of an offense may be inferred from surrounding circumstances. *Id.* (citing *Lewis v. State*, 740 N.E.2d 550 (Ind.2000), *reh'g denied*; *Anderson v. State*, 681 N.E.2d 703 (Ind.1997)).

Here, the facts most favorable to the conviction reveal that M.S. was driving a sports car with a fifteen-inch television screen mounted in the rearview window and visible to the public. A DVD depicting nudity and sexual content was playing on the screen. A duplicate screen, to which the DVD player was attached, was located on the console between the two front seats. From the evidence and resulting reasonable inferences, a reasonable trier of fact could conclude that M.S. knew that the DVD was playing on the screen mounted in the rearview window of the car. *See, e.g., Sloan v. State*, 794 N.E.2d 1128, 1134 (Ind.Ct.App.2003) (holding that "the jury could reasonably infer that when Sloan broke and entered the home, he intended to commit the felony of conducting a performance harmful to minors"), *trans. denied.*

## B. *Minors Exposed to the DVD*

M.S. also argues that the State failed to prove that any minors were exposed to the

---

**2.** Ind.Code § 35–49–2–2 provides that a matter is harmful to minors if:

(1) it describes or represents, in any form, nudity, sexual conduct, sexual excitement, or sado-masochistic abuse;

(2) considered as a whole, it appeals to the prurient interest in sex of minors;

(3) it is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors; and

(4) considered as a whole, it lacks serious literary, artistic, political, or scientific value for minors.

**3.** M.S. interprets the phrase "unless each minor is accompanied by the minor's parent or guardian" in Ind.Code § 35–49–3–3(2) to

mean that "no crime exists where parents or guardians accompany the child exposed or potentially exposed to the harmful material, as the parents or guardians can determine whether the material is harmful and intercede if that is the case." Appellant's Brief at 11. However, we have held that the phrase is "like an affirmative defense and allows a defendant to show that unaccompanied minors may not have access to the place in question, such as in a strip bar or an x-rated movie house, where, in fact, unaccompanied minors are not usually allowed." *Zitlaw v. State*, 880 N.E.2d 724, 730 (Ind.Ct.App.2008), *trans. denied.* Moreover, the State need not include the phrase in the charging information. *Id.* at 731.

DVD. We note that the specific offense with which M.S. was charged requires that the display be "in an area to which minors have visual, auditory, or physical access...." Ind.Code § 35–49–3–3(a)(2). "Access" is defined as "permission, liberty, or ability to enter, approach, or pass to and from a place or to approach or communicate with a person or thing." *Zitlaw v. State,* 880 N.E.2d 724, 731 (Ind.Ct.App. 2008), *trans. denied.* Under the clear and unambiguous definition of "access," the minor need not be present. *Id.* Rather, minors only need the ability to see or hear the conduct or the ability to be present. *Id.*

Here, the facts most favorable to the conviction reveal that M.S. was driving a sports car on a busy street near the Indiana State Fairgrounds. We agree with the State that "the area was a public area to which minors had both auditory and visual access to what occurred in the rear window of M.S.'s vehicle." Appellee's Brief at 6; *see also Zitlaw,* 880 N.E.2d at 730 ("[A] public park is clearly a place where minors would have the ability to see or hear Zitlaw's conduct or the ability to be present."). We conclude that the State presented sufficient evidence that M.S. knowingly or intentionally displayed matter that is harmful to minors in an area to which minors have visual, auditory, or physical access.

For the foregoing reasons, we affirm M.S.'s adjudication as a delinquent for committing an act that would be disseminating matter harmful to minors as a class D felony if committed by an adult.

Affirmed.

NAJAM, J., and DARDEN, J., concur.