## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2015, 5:51 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Corey L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

K.G.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 15, 2015

Court of Appeals Case No.
49A02-1410-JV-737

Appeal from the Marion County Court;
The Honorable Marilyn Moores, Judge;
The Honorable Geoffrey Gaither, Magistrate;
49D09-1406-JD-1402

**May, Judge.**

[1] K.G. appeals his adjudication as a delinquent child for committing acts that would be Class A misdemeanor battery[1] if committed by an adult. We affirm.

## Facts and Procedural History

[2] On June 4, 2014, K.G. and B.R., who were classmates, were walking home from a restaurant. B.R. testified, "So [K.G.] kept on trying to come up to me saying hit me, hit me, and I said no. So, my friend took my hand and barely taped [sic] him. She thought he was playing and he turned around and hit me harder than she made me tap him." (Tr. at 67.) As a result of K.G.'s punch, B.R.'s lip broke open and began to bleed.

[3] On June 5, the juvenile court authorized the filing of a delinquency petition. After hearing evidence, the juvenile court entered a true finding.

## Discussion and Decision

[4] Where the State seeks to have a juvenile adjudicated a delinquent for committing acts that would be crimes were the juvenile an adult, the State has the burden to prove every element of such crimes beyond a reasonable doubt. *M.S. v. State,* 889 N.E.2d 900, 901 (Ind. Ct. App. 2008), *trans. denied.* We neither reweigh the evidence nor judge the credibility of the witnesses. *K.S. v. State,* 849 N.E.2d 538, 543 (Ind. 2006). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom. *Id.* We will

---

[1] Ind. Code § 35-42-2-1(b), (c) (2012).

affirm where there is substantial probative evidence to support the determination of delinquency. *Id.* The delinquency finding will be sustained on appeal unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *D.B. v. State,* 842 N.E.2d 399, 402 (Ind. Ct. App. 2006). The uncorroborated testimony of a single witness may suffice to sustain the delinquency adjudication. *D.W. v. State,* 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*.

To prove K.G. committed an act that would be Class A misdemeanor battery, the State was required to prove he knowingly or intentionally touched B.R. in a "rude, insolent, or angry manner" and the contact resulted in "bodily injury to the other person." Ind. Code § 35-42-2-1(b), (c) (2012). B.R. testified K.G. hit her in the face and she suffered a bloody lip. K.G.'s alternate account of the events is an invitation for us to reweigh the evidence, which we cannot do. *See K.S.,* 849 N.E.2d at 543 (appellate court does not reweigh the evidence or judge the credibility of witnesses). Accordingly, we affirm.

Affirmed.

Robb, J., and Mathias, J., concur.